**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-02877-CMA-CBS

MELISSA SHIRLEY, Guardian Ad Litem, on behalf of Minor Child, CLM,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO,
MICHAEL ANTHONY MANGINO, in his individual and official capacity,

    Defendants.

_____

**STIPULATED PROTECTIVE ORDER**
_____

    This matter comes before the Court on the parties Joint Motion for Entry of Stipulated Protective Order pursuant to C.R.C.P. 26(c). Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS SO ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in *Fed.R.Civ.P. 34(a)*. A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is

confidential and implicates common law and statutory privacy interests of the Plaintiffs and the Defendants in this matter, including current and former employees of Aurora Police Department and the City of Aurora. *See, e.g.*; COLO. REV. STAT. 13-90-107(1)(d) (physician-patient privilege); *Alcon v. Spicer,* 113 P.3d 735 (Colo. 2005); *Weil v. Dillon Co., Inc.*, 109 P.3d 127 (Colo. 2005); COLO. REV. STAT. § 24-72-204(3)(a)(II)(A) (concerning disclosure of personnel records); *Everitt v. Brezzel,* 750 F.Supp. 1063 (D.Colo. 1990); *Martinelli v. District Court in and for the City and County of Denver,* 612 P.2d 1083 (Colo. 1980). "Confidential Information" includes, but is not limited to:

  a. Medical records, mental health records, therapy records and/or "Protected Health Information";

  b. the Parties and/or their representatives' personnel files;

  c. peer review and quality assurance documents;

  d. internal affairs investigation files;

  e. pre-sentencing reports and/or investigations; and

  f. foster care records.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

  a. attorneys actively working on this case;

  b. persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  c. the parties and designated representatives for the entity defendants;

       d.    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

       e.    the Court and its employees ("Court Personnel");

       f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

       g.    deponents, witnesses, or potential witnesses; and

       h.    other persons by written agreement of the parties.

5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment in the form attached hereto as Exhibit A stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.    Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.    Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

       8.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

      9.      The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential material pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.  At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be destroyed. The destroying party shall provide all parties with an affidavit confirming the destruction.

10. The parties agree to confer prior to the filing of Confidential materials to determine what level of restrictedness the confidential materials should be filed under, if any. If the parties cannot agree, the Confidential materials shall be filed Level I Restricted and the party seeking to maintain the confidentiality of the documents shall, within fourteen (14) days, file a motion seeking to have the Court permanently restrict the Confidential materials. In connection with any motion filed under this provision, the party seeking to maintain the Confidentiality of these documents shall bear the burden of establishing that good cause exists for the disputed information to remain restricted.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

THE FOREGOING PROTECTIVE ORDER IS HEREBY MADE AN ORDER OF THIS

DATED at Denver, Colorado, on February 5, 2013.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO:**

| | |
|---|---|
| s/Tiffany J. Drahota<br>Tiffany J. Drahota<br>David A. Lane<br>Killmer, Lane & Newman, LLP<br>1543 Champa Street, Suite 400<br>Denver, Colorado 80202<br>Telephone: (303) 571-1000<br>Facsimile: (303) 571-1001<br>Email: dlane@kln-law.com; tdrahota@kln-law.com<br>*Attorneys for Plaintiffs* | s/Jonathan Abramson<br>Jonathan Abramson<br>Kissinger & Fellman, P.C.<br>3773 Cherry Creek North Drive, Suite 900<br>Denver, CO 80209<br>Telephone: (303) 320-6100<br>Facsimile: (303) 327-8601<br>Email: jonathan@kandf.com<br>*Attorney for Defendant City of Aurora* |
| s/Michael Mangino<br>Michael Mangino<br>23533 Emerald Trail<br>Deer Trail, CO 80105<br>*Pro-Se* | s/Peter Morales<br>Peter Morales<br>Charles Richardson<br>Aurora Municipal Center<br>15151 East Alameda Parkway<br>Aurora, CO 80012<br>Telephone: (303) 739-7030<br>Facsimile: (303-739-7042<br>Email: crichard@auroragov.org<br>       pmorales@auroragov.org<br>*Attorneys for Defendant City of Aurora* |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-2877-CMA-CBS

MELISSA SHIRLEY, Guardian Ad Litem, on behalf of Minor Child, CLM,

    Plaintiffs,

v.

CITY OF AURORA, COLORADO,
MICHAEL ANTHONY MANGINO, in his individual and official capacity,

    Defendants.

---

**CONFIDENTIALITY AGREEMENT**

---

    I, _____, have read the attached copy of the Protective Order in the above-captioned matter and I understand its terms. I recognize that, in connection with my involvement in matters relating to the above-captioned litigation, I may have occasion to read or hear about documents produced in the lawsuit, or learn of other information, that has been designated "CONFIDENTIAL" (hereafter, the "Information"). I agree to read, review and use any such Information solely and exclusively in connection with my participation in this litigation. I agree to abide by the Protective Order in every respect and will not disclose or discuss, directly or indirectly, any Information. I agree to return all copies of such Information to the disclosing attorney at the conclusion of this litigation, so that the disclosing attorney may return the Information to the designating party or destroy the Information. I further consent to the jurisdiction and venue of the Court in which this litigation is pending.

_____        _____
DATE        SIGNATURE